**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alpha Tech International LLC, | No. CV-20-01581-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Dutch Skiver, | |
| Defendant. | |

The Court has considered Defendant Dutch Skiver's Motion to Strike Notice of Errata and Dismiss Complaint for Insufficient Service of Process. (Doc. 15.) Plaintiff Alpha Tech International LLC filed a responsive brief that moves to strike Defendant's Motion. (Doc. 19.) Oral argument is not necessary to aid the decisional process. *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f). The Court's ruling is as follows.

"When a defendant challenges service, the plaintiff bears the burden of establishing that service was valid under Rule 4." *Zuckerman v. Trump*, No. CV-20-00842, 2020 WL 5038583, at *1 (D. Ariz. Aug. 26, 2020) (citing *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004)). Plaintiff's counsel has attempted to serve process in this case on an attorney who represents Defendant in a different case that was filed with the United States Trademark Trial and Appeal Board (the "TTAB Case"). (Doc. 19 at 2.) Defendant's lawyer in the TTAB Case has not appeared in this case, has disclaimed any authorization to practice in front of this Court, and has indicated that his client has not authorized him to accept service of process in this case. (Doc. 15, Ex. 1.) Despite this, Plaintiff insists that it

properly served process by advancing a conclusory argument. That argument is, because the lawyer was authorized to represent Defendant in the TTAB Case, that lawyer is authorized to accept service of process for all other matters. (Doc. 19 at 3–6.) For this proposition, Plaintiff cites no authority.

Rule 4(e)(2)(C) of the Federal Rules of Civil Procedure and interpretive cases demonstrate that Plaintiff is mistaken. To constitute an agent for the purposes of service, a person must be "authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). This analysis is more nuanced than Plaintiff understands it to be. True, a client will often authorize its attorney to accept service. It is also true that "[s]ervice of process on an attorney not authorized to accept service for his client is ineffective." *Zherka v. Ryan*, 52 F. Supp. 3d 571, 577 (S.D.N.Y. 2014); *accord Graves v. Republic Nat'l Distrib. Co.*, 42 F. Supp. 3d 121, 123 (D.D.C. 2014); *Kline v. Kline*, 221 Ariz. 564, 570 ¶ 20 (App. 2009). Defendant has convincingly shown that his TTAB Case attorney was not authorized to accept service of process in this case. Notwithstanding that clearly communicated message, Plaintiff maintained its contrary position.

The flaws in Plaintiff's position do not end there. Implicit in Plaintiff's argument is the assumption that email constitutes a proper means of service. (Doc. 19 at 6.) "The plain language of Rule 4(e) forecloses the possibility of service by email." *Mayweather v. Wine Bistro, LLC*, No. 2:13-210, 2013 WL 5537312, at *3 (D. Nev. Oct. 4, 2013); *see Hellmich v. Mastiff Contracting, LLC*, No. SACV-14-1354, 2014 WL 12855835, at *2 (C.D. Cal. Sept. 26, 2014) ("Rule 4, unlike Rule 5(b), does not provide for 'electronic service' by email or otherwise."). Rule 4(e) does allow Plaintiff to serve process according to Arizona law, the state where this Court is located. *See* Fed. R. Civ. P. 4(e)(1). But Arizona law similarly requires a court order to serve a defendant by way of email. *See* Ariz. R. Civ. P. 4.1(d), (k). Plaintiff has neither sought nor received a court order permitting electronic service in this case, and the means of service provided under Arizona law do not otherwise appear to be impracticable. *See id.* 4.1(k)(1). The Court therefore finds that Plaintiff has failed to properly serve Defendant.

The deadline for serving process has expired. *See* Fed. R. Civ. P. 4(m). The Court "must extend the time for service for an appropriate period" if the "plaintiff shows good cause" for its failure to effectuate service. *Id.* No such showing has been made by Plaintiff. The Court is also mindful that a failure to comply with Rule 4's service requirements does not require dismissal if "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984); *see also Zuckerman*, 2020 WL 5038583 at *2. Plaintiff fails to provide any justifiable excuse for its error. The Court will therefore grant Defendant's Motion (Doc. 15) and dismiss this case pursuant to Rule 4(m).

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Strike Notice of Errata and Dismiss Complaint for Insufficient Service of Process (Doc. 15) is **granted**. Dismissal shall be without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Doc. 19) is **denied**.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall close this case.

Dated this 31st day of March, 2021.

Michael T. Liburdi
United States District Judge